SARPY
*v.*
NEW ORLEANS.

---

## CHARLES McDERMOTT *v.* ELIJAH CANNON.

In cases where it is admissible to dispense with personal service of a notice, the notice ought in general to be served in the form required for citations and other analogous proceedings.

APPEAL from the Fifth District Court of New Orleans, *Eggleston, J.*
*T. A. McDannold*, for plaintiff. *Michel & Koontz*, for defendant and appellant.

MERRICK, C. J. This is a redhibitory action. The contract sought to be rescinded is the sale of a slave alleged to be affected with scrofula and addicted to running away.

Among other defences to the action, it is objected by defendant that the slave has never been tendered to him or offered to be returned. See 4 Rob. 381; 2 N. S. 471; 4 La. 198; 19 La. 283; 11 An. 215; 4 An. 562.

The proof on this branch of the case is, that *Messrs. Henderson & Peale*, the merchants of the plaintiff, addressed a note to the defendant, wherein they stated that they were requested to collect the value of the slave from defendant, and informed him that the negro was unsound and a runaway, and in jail in this city at defendant's expense, and requested defendant to call and settle the matter.

The note was delivered to a negro boy standing in front of the door (as is supposed) of defendant's house.

This is not sufficient proof of an offer to return the negro. If it be conceded that it was not necessary actually to produce the negro and demand a rescission of the sale, still we think the delivery of an important document to a negro boy standing in front of a house, cannot be considered as a service of the same upon the person having his domicil in the house. If personal service be dispensed with, (in cases where it is admissible to dispense with such service,) the notice ought in general to be served in the form required for citations and other analogous proceedings.

The judgment must, therefore, be reversed, and one of nonsuit entered.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant as in case of nonsuit, with costs of both courts.

VOORHIES, J., absent.